UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SEABOURN CRUISE LINE LIMITED,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff NICHOLAS WILSON, by and through his attorneys, Lipcon, Margulies, Alsina & Winkleman, P.A., and states as follows:

## I. JURISDICTION AND VENUE

1. This claim for damages is for injuries suffered by Plaintiff caused by the negligence of Defendant. Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30104, and the general maritime law.

2. Venue is proper in the Western District of Washington because Defendant is subject to the Court's personal jurisdiction with respect to this action in this judicial district per 28 U.S.C. § 1391(b)(1) and (c)(2).

## II. JURY DEMAND

Plaintiff respectfully asks for a jury trial pursuant to Fed. R. Civ. P. 38.

## III. PARTIES

3. Plaintiff NICHOLAS WILSON is a person of the full age of majority and a citizen of the United Kingdom.

4. At all times material, Defendant SEABOURN CRUISE LINE LIMITED is a foreign corporation with its principal place of business at 450 Third Avenue West, Seattle,

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

1

Washington 98119. Defendant, SEABOURN CRUISE LINE LIMITED may be served with process by serving its registered agent CT Corporation System at 1200 South Pine Island Road, Plantation, Florida 33324.

## IV. FACTS COMMON TO ALL COUNTS

5. On or about April 1, 2018, the Plaintiff was employed by Defendant as a Security Officer aboard the *Seabourn Quest* (the "Vessel"), which was in navigable waters.

6. On or about April 1, 2018, the Plaintiff was the borrowed servant of Defendant, such that Defendant exercised control over the Plaintiff, paid the Plaintiff, furnished equipment necessary for the performance of the Plaintiff's work; and/or had the right to terminate its relationship with the Plaintiff.

7. At all times material hereto, Defendant required its security officers to investigate all incidents occurring onboard.

8. On or about the above referenced date (April 1, 2018), the Plaintiff sustained severe injuries after investigating a fellow crewmember for an alleged assault incident when assailant crewmember struck Plaintiff while onboard the *Seabourn Quest*.

## V. FIRST CAUSE OF ACTION
## JONES ACT NEGLIGENCE

9. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

10. At all material times, Plaintiff was a Jones Act Seaman employed by Defendants in the position of 'security office' as a member of the crew aboard the Vessel which was on navigable waters.

11. It was the duty of the Defendant to provide Plaintiff with reasonable care to provide a safe place to work.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

12. On or about April 1, 2018, Defendant and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with a reasonably safe place to work.

13. Plaintiff's injuries are due to the fault and negligence of Defendants and/or its agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate crew; and/or

b. Failure to promulgate and enforce reasonable rules and regulations to ensure the reasonable safety and health of the Plaintiff, while engaged in the course of his employment on the Defendant's vessel in which he served; and/or

c. Failure to conduct an adequate background check on all crew members to assure they had no records of prior violent acts; and/or

d. Failure to conduct an adequate pre-employment physical on all crew members to ascertain their mental and/or emotional stability and propensity towards violence; and/or

e. Failure to adequately ascertain the level of conflict and hostility that the crewmember had towards the Plaintiff in time to prevent the subject incident; and/or

f. Failure to adequately supervise and monitor the crew so that there would not be an opportunity for conflicts and hostility to rise to the level that a violent attack could be permitted to occur, and/or

g. Failure to have adequate security measures to prevent the dangers and risks associated with the subject incident; and/or

h. Failure to terminate the crewmember who attacked the Plaintiff when it had knowledge that the crewmember was a danger to other crewmembers and a safety risk for Defendant's vessel; and/or

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

3

i. Failure to have adequate security on board to be able to monitor, detect, and detain crewmembers whose behavior and demeanor presents a potential risk to themselves and others prior to them turning violent; and/or

j. Failure to provide prompt, proper and adequate medical care to the Plaintiff which aggravated his injuries and cased him additional pain, disability, and suffering; and/or

k. Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work. Prior to Plaintiff's incident, Defendant failed to investigate the hazards to crew members presented by the crew members themselves and then take the necessary steps to eliminate those hazards, minimize those hazards or warn the Plaintiff of the potential hazard; all of which caused the Plaintiff to be attacked and injured by a fellow crew member

l. Failure to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff; and/or

m. Failure to send Plaintiff to a shore side specialist doctor in a timely manner; and/or

n. Allowing Plaintiff to return to work after his injury, and/or requiring Plaintiff to work with an injury, and/or allowing Plaintiff to return to work after his injury on medication designed to mask the pain and enable the Plaintiff to condition working with a false sense of wellbeing, and/or requiring Plaintiff to continue to do manual labor while having injuries; and/or

o. Failure to use reasonable care to make reasonable and periodic inspections of the vessel's policies and procedures relevant to the prevention of incidents of this nature; and/or

p. Failure to comply with the ISM Code as it relates to sections which include, but are

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

4

not limited to, requiring that Defendant's safety management system: (1) provide for safe practices in vessel operation and a safe work environment; (2) establish and implement safeguards against all identifiable risks; (3) establish and implement actions to continuously improve safety management skills of personnel ashore and aboard vessels; and/or (4) ensure compliance with mandatory rules and regulations.

14. All or some of the above acts and/or omissions by Defendants and/or its agents, servants, and/or employees caused the Plaintiff severe injuries and/or aggravated Plaintiff's injuries and/or conditions.

15. Defendant knew of the foregoing conditions and did not correct them, or the conditions existed for a sufficient length of time so that the Defendants, in the exercise of reasonable care, should have learned of them and corrected them.

16. As a result of Defendant's negligence, Plaintiff was injured about his body, suffered acute physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care and vacation.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law and demands a jury trial of all issues so triable.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

5

## VI. SECOND CAUSE OF ACTION
## UNSEAWORTHINESS

17. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

18. At all material times, Plaintiff was a Jones Act Seaman employed by Defendant as a member of the crew aboard the Vessel which was on navigable waters.

19. At all material times, Defendants owned, managed, operated, and/or controlled the Vessel to which Plaintiff was assigned to work.

20. Defendants had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

21. On or about April 1, 2018, the unseaworthiness of the Vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. Defendant's Vessel was unfit for its intended purpose; and/or

   b. The Vessel did not have a fit crew; and/or

   c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served; and/or

   d. Failure to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate crew; and/or

   e. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served; and/or

   f. Failure to use reasonable care to provide Plaintiff with a reasonably safe place to work by reason of the following:

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

6

     i. Failure to conduct an adequate background check on all crew members to assure they had no record of prior violent acts; and/or

     ii. Failure to conduct an adequate pre-employment physical on all crew members to ascertain their mental and/or emotional stability and propensity towards violence; and/or

     iii. Failure to adequately ascertain the level of conflict and hostility that the crewmember had towards the Plaintiff in time to prevent the happening of this incident; and/or

     iv. Failure to adequately supervise and monitor the crew so that there would not be an opportunity for conflicts and hostility to rise to the level that a violent attack could be permitted to occur.

g. Failure to provide adequate training, instruction, and supervision to crewmembers, and their supervisors on the proper chain of command to follow to air grievances and deal with them in a non-hostile manner; and/or

h. Failure to provide prompt, proper and adequate medical care to the Plaintiff which aggravated his injuries and caused him additional pain, disability, and suffering; and/or

i. Failure to ascertain the cause of prior similar incidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident; and/or

j. Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work. Prior to Plaintiff's incident, Defendant failed to investigate the hazards to crew members presented by the crew members themselves and then take the necessary steps to eliminate those hazards, minimize those hazards or warn the Plaintiff of the potential hazard; all of which caused the Plaintiff to be attacked and injured by a fellow crew member; and/or

k. The vessel's crew was not properly trained, instructed or supervised; and/or

l. Failure to send Plaintiff to a shore side specialist doctor in a timely manner; and/or

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

7

m. Allowing Plaintiff to return to work after his injury, and/or requiring Plaintiff to work with an injury, and/or allowing Plaintiff to return to work after his injury on medication designed to mask the pain and enable the Plaintiff to condition working with a false sense of wellbeing, and/or requiring Plaintiff to continue to do manual labor while having injuries; and/or

n. Failure to properly manage Plaintiff's medical care after Plaintiff was injured; and/or

o. Failure to provide prompt, proper, and adequate medical care to the Plaintiff, which aggravated his injuries and caused his additional pain and disability; and/or

p. The vessel did not have a fit crew.

q. Failure to comply with the ISM Code as it relates to sections which include, but are not limited to, requiring that Defendant's safety management system: (1) provide for safe practices in vessel operation and a safe work environment; (2) establish and implement safeguards against all identifiable risks; (3) establish and implement actions to continuously improve safety management skills of personnel ashore and aboard vessels; and/or (4) ensure compliance with mandatory rules and regulations.

22. As a result of the unseaworthiness of Defendant's Vessel, Plaintiff was injured about his body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future.  In addition,

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

8

Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, and vacation.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law, including punitive damages[1], and demands a jury trial of all issues so triable.

### VII.  THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MAINTENANCE AND CURE

23. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

24. On or about April 1, 2018, Plaintiff, while in the service of the Vessel as a crewmember, suffered severe injuries.

25. Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is unequivocally declared to have reached maximum possible cure.  This includes unearned wages (regular wages and overtime), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

26. Under General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared to have reached maximum possible cure or maximum possible improvement.  This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated, to the end of the contract or voyage, whichever is longer. Maintenance and cure is an ongoing obligation of the Defendant from the date of the

---

[1] Pursuant to the 9th Cir. case of *Batterton v. Dutra Grp.*, 880 F.3d 1089 (9th Cir. 2018). Plaintiff will make a prima facie showing of entitlement to punitive damages to the Court.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

Plaintiff's injury up through trial and at times beyond as Plaintiffs are allowed to bring serial lawsuits for maintenance and cure purposes. Although maintenance and cure can be properly terminated at the point when the crew member reaches Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC), it must be reinstated if the Plaintiff suffers a relapse of his condition that once again requires treatment to return the Plaintiff to an MMI/MMC status or if a cure becomes available that was not available to the Plaintiff at the time of the declaration of MMI/MMC. In addition, if an MMI/MMC declaration is challenged by another physician the conflict must be resolved in favor of the crew member receiving the additional care (treatment)/cure that is recommended.

27. Defendant failed to provide Plaintiff with prompt, proper and adequate medical care for his severe injuries.

28. Defendant willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and cure so that Plaintiff became obligated to pay the undersigned a reasonable attorney's fee. In addition, when they did pay maintenance and cure, Defendant was late in payment.

29. Defendant's failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States. Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure, which aggravated his condition and caused Plaintiff to suffer additional compensatory damages, including, but not limited to, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish,

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

10

loss of enjoyment of life, feelings of economic insecurity, as well as lost earning or earning capacity, and medical and hospital expenses in the past and into the future.

30. Defendant failed to provide Plaintiff with timely maintenance and cure benefits.

31. Defendant failed to make adequate arrangements for the advance payment of Plaintiff's medical care in full, effectively requiring Plaintiff to advance payment to receive medical care.

32. Defendant failed to provide Plaintiff with reasonable and adequate accommodations and provision of medical treatment, which have exacerbated his injuries.

33. Defendant failed to promptly authorize and/or provide medical care for Plaintiff.

34. Defendant failed to promptly and/or completely reimburse Plaintiff for medical expenses which he was required to advance.

35. Defendant willfully and callously delayed, failed and refused to provide and pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

36. Defendant's failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's medical needs and legal rights as a seaman.  As such, Plaintiff would be entitled to recover punitive damages and reasonable attorneys' fees under the General Maritime Law of the United States. Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which made it impossible for his to restore full function to his injured hand, aggravated his condition, worsened his injuries, and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical and/or mental injuries, disability, physical pain and suffering,

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

11

reasonable fear of developing future physical and medical problems, mental anguish, fright, shock, anxiety, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law, including punitive damages[2] and attorneys' fees and demands a jury trial of all issues so triable.

### VIII. FOURTH CAUSE OF ACTION
### FAILURE TO TREAT

37. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

38. On or about April 1, 2018, Plaintiff, while in the service of the Vessel as a crewmember, suffered severe injuries.

39. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care following the subject incident.

40. Defendants negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

a. Defendant not providing Plaintiff with prompt, proper, and/or adequate medical care after the subject incident on board the Vessel; and/or

b. Failure to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff; and/or

---

[2] Pursuant to the U.S. Supreme Court case of *Atlantic Sounding Co., Inc., et al. v. Townsend*, 557 U.S. 404 (2009).  Plaintiff will make a prima facie showing of entitlement to punitive damages to the Court.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

12

c.  Failure to send Plaintiff to a shore side specialist doctor in a timely manner; and/or

d.  Allowing Plaintiff to return to work after his injury, and/or requiring Plaintiff to work with an injury, and/or allowing Plaintiff to return to work after his injury on medication designed to mask the pain and enable the Plaintiff to condition working with a false sense of wellbeing, and/or requiring Plaintiff to continue to do manual labor while having injuries; and/or

e.  Failure to properly manage Plaintiff's medical care after Plaintiff was injured and up to the time when he was declared at maximum medical improvement; and/or

f.  Denying Plaintiff's demand(s) for treatment and payment of medical bills.

41. As a direct and proximate result of Defendants failure, Plaintiff suffered additional physical pain, disability, his medical condition worsened, and Plaintiff's recovery was prolonged.

42. In addition, Plaintiff suffered injury to his body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found.

43. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part,

2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

13

"Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law and demands a jury trial of all issues so triable.

DATED this 2nd day of March, 2021.

        **LIPCON, MARGULIES,**
        **ALSINA & WINKLEMAN, P.A.**
        *Attorneys for Plaintiff*
        One Biscayne Tower, Suite 1776
        2 South Biscayne Boulevard
        Miami, FL 33131
        305.373.3016 (T)
        305.373.6204 (F)

        By:  */s/ Jason R. Margulies*
            JASON R. MARGULIES
            WSBA #54741
            jmargulies@lipcon.com

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

14